IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-2-D

| | | |
|---|---|---|
| JESSE GRAVES YATES, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE FARM CASUALTY AND FIRE | ) | |
| and MICHAEL L. TIPSORD, | ) | |
| | ) | |
| Defendants. | ) | |

On January 23, 2018, Jesse Graves Yates, III ("Yates" or "plaintiff"), proceeding pro se, filed a complaint against State Farm Casualty and Fire ("State Farm") and Michael L. Tipsord ("Tipsord"; collectively, "defendants") in the United States District Court for the District of South Carolina [D.E. 1]. On January 3, 2019, the United States District Court for the District of South Carolina transferred the case to this district. See [D.E. 19, 22]. On April 24, 2019, defendants moved to dismiss Yates's complaint for failure to state a claim [D.E. 33] and filed a memorandum in support [D.E. 34]. On the same date, the court notified Yates about the motion, the consequences of failing to respond, and the response deadline [D.E. 35]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On May 20, 2019, Yates responded in opposition [D.E. 36]. On May 29, 2019, defendants replied [D.E. 37]. As explained below, the court grants defendants' motion to dismiss and dismisses Yates's complaint with prejudice.

I.

On October 31, 2010, a fire destroyed a two-story commercial building that Yates owned and

insured with State Farm. See [D.E. 1] 1; Yates v. State Farm Fire & Cas. Co., No. 7:13-CV-233-BO, 2015 WL 13631244, at *1 (E.D.N.C. Aug. 28, 2015) (unpublished). Yates and State Farm agreed that "the fire was incendiary, had multiple points of origin, and was intentionally set." Yates, 2015 WL 13631244, at *1. State Farm's investigation revealed that Yates participated in burning the building, and State Farm denied Yates's claim. See id. In response, Yates sued State Farm for breach of insurance contract. See id.

On February 7, 2017, after a seven day trial before Magistrate Judge Kimberly A. Swank, a jury returned a verdict in favor of State Farm, and the court entered judgment in favor of State Farm. See Yates v. State Farm Fire & Cas. Co., No. 7:13-CV-233-KS, 2017 WL 5632939, at *1 (E.D.N.C. May 15, 2017) (unpublished). Yates appealed and submitted an appellate brief. See [D.E. 34-4]. On November 30, 2017, the United States Court of Appeals for the Fourth Circuit affirmed the decision of the district court. See Yates v. State Farm Fire & Cas. Co., 704 F. App'x 301, 301–02 (4th Cir. 2017) (per curiam) (unpublished).

On January 23, 2018, Yates filed a complaint in the United States District Court for the District of South Carolina [D.E. 1]. Yates's complaint is virtually identical to his appellate brief. Compare [D.E. 1], with [D.E. 34-4]. On January 3, 2019, Judge Donald C. Coggins, Jr. transferred the action to this court. See [D.E. 19, 22].

II.

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a

2

pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the [nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's allegations must "nudge[ ] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–83; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd., 591 F.3d at 255–56; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may take judicial notice of public records without converting the motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572

F.3d 176, 180 (4th Cir. 2009).

A.

Defendants argue that the doctrine of res judicata bars Yates's claims. See [D.E. 34] 3–6. Under the doctrine of res judicata, also known as claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (quotation omitted); see Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979); Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 161–62 (4th Cir. 2008); Parks v. Petsmart, No. 5:13-CV-777-D, 2014 WL 11996387, at *2 (E.D.N.C. Feb. 12, 2014) (unpublished), aff'd, 577 F. App'x 210 (4th Cir. 2014) (per curiam) (unpublished).

The claim preclusion doctrine of the forum state controls the claim-preclusive effect of a judgment of a federal court sitting in diversity. See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508 (2001); Q Int'l Courier Inc. v. Smoak, 441 F.3d 214, 218 (4th Cir. 2006). Thus, because the court entered a final judgment while exercising diversity jurisdiction, North Carolina law controls the claim-preclusive effect of that judgment in this action. Under North Carolina law, the doctrine of res judicata bars parties from relitigating issues that the parties raised or could have raised in a prior action:

> Where a second action or proceeding is between the same parties as the first action or proceeding, the judgment in the former action or proceeding is conclusive in the latter not only as to all matters actually litigated and determined, but also as to all matters which could properly have been litigated and determined in the former action or proceeding.

King v. Neese, 233 N.C. 132, 136, 63 S.E.2d 123, 126 (1951); see Fickley v. Greystone Enters., Inc., 140 N.C. App. 258, 260, 536 S.E.2d 331, 333 (2000); Young v. Young, 21 N.C. App. 424, 425, 204 S.E.2d 711, 712 (1974) (collecting cases). "The essential elements of res judicata are (1) a final

4

judgment on the merits in a prior suit, (2) an identity of the cause of action in the prior suit and the present suit, and (3) an identity of parties or their privies in both suits." Pate v. N.C. Dep't of Transp., 176 N.C. App. 530, 534–35, 626 S.E.2d 661, 665 (2006) (quotation omitted).

Res judicata bars Yates's claims. First, after a jury trial, the court entered a final judgment on the merits, which the Fourth Circuit affirmed. Second, the issues that Yates raises in his complaint are the same issues that he raised in the previous action. In fact, Yates's complaint essentially replicates the appellate brief that he submitted in the first action. Third, the instant action involves Yates, State Farm, and Tipsord, one of State Farm's employees. Yates and State Farm were parties to in the first action, and as an employee of State Farm, Tipsord is in privity with a party to the first action.[1] Accordingly, because res judicata bars Yates's claims, the court grants defendants' motion to dismiss such claims.

B.

The court construes Yates's complaint as also containing a defamation claim concerning statements that defendants made at trial. "Our law affords absolute immunity to those persons who aid the truth-seeking mission of the judicial system. This protection extends to judges, prosecutors, and witnesses." Day v. Johns Hopkins Health Sys. Corp., 907 F.3d 766, 771 (4th Cir. 2018) (collecting cases). Accordingly, the court grants defendants' motion to dismiss Yates's defamation claim.

To the extent that Yates attempts to raise new claims in his response brief, see [D.E. 36], "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to

---

[1] Even if Yates's complaint against Tipsord is not barred by res judicata, the complaint does not contain any allegations concerning Tipsord, and the court dismisses Tipsord as a defendant. Cf. Fed. R. Civ. P. 8(a).

5

dismiss." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984); see Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 542 (E.D.N.C. 2008). Accordingly, the court grants defendants' motion to dismiss any such claim.

III.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 33] and DISMISSES Yates's complaint with prejudice. The clerk shall close the case.

SO ORDERED. This 27 day of June 2019.

JAMES C. DEVER III
United States District Judge